No. 26,498.

THE BONNET-BROWN SALES SERVICE, *Appellant*, v. CHARLES E. STURDEVANT, *Appellee*.

### SYLLABUS BY THE COURT.

CONTRACTS—*Authority of Agent to Discharge Liability*. The proceedings considered in an action to recover on two successive contracts to pay for advertising service, and *held*, the agent of plaintiff to collect had no authority to discharge liability of defendant on the first contract, as an inducement to and as part of the consideration for the second contract. *Held,· further,* defendant was not obliged to perform the second contract, because plaintiff refused to fill new orders except C. O. D. the amount due on the first contract.

Appeal from Gray district court; E. C. MINNER, judge *pro tem.* Opinion filed March 6, 1926. Reversed.

*C. L. Marmon,* of Garden City, for the appellant.

*Karl Miller,* of Dodge City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover from a newspaper publisher on two contracts for advertising service furnished by plaintiff. Plaintiff was defeated, and appeals.

The first contract was for service from June 1, 1919, to May 30, 1920, for which defendant promised to pay $66.72 in twelve equal installments of $5.56 each. The balance due on this contract was $58.86. The second contract was evidenced by two instruments, dated March 19, 1922, which are to be considered together. One instrument obligated plaintiff to furnish service from November 1, 1922, to July 31, 1924. The other was a note signed by defendant for $112.50, payable in monthly installments of $6.25 each, beginning January 1, 1923. Defendant admitted he entered into both contracts, but alleged the first one was canceled and the second was breached by plaintiff. By agreement of parties in open court, no reply was deemed necessary. The cause was submitted on depositions of witnesses for plaintiff and oral testimony of defendant, and the court found that, as a part of the consideration of the second contract, the first contract was canceled when the second was made, and found that the second contract had been broken by plaintiff.

Agency, 2 C. J. pp. 605 n. 91, 634 n. 6, 635 n. 8. · Contracts, 13 C. J. p. 657 n. 92.

Breach of the second contract occurred in this way. Defendant gave an order and made a remittance. Plaintiff credited the remittance on the second contract, and shipped the goods C. O. D. the balance due on the first contract. By subsequent letter plaintiff advised defendant that the company's policy was to ship C. O. D. for the entire amount due whenever an account had been delinquent for some time. Later plaintiff shipped by express, express charges collect, some supplies for use by defendant in giving orders, and defendant accepted delivery of the package, and paid the transportation charges. He had, however, made no request for the supplies, and he made no use of them, because he did not desire to deal, and was not obliged to deal, according to the terms stated in plaintiff's letter. If this were the whole story, the judgment would be affirmed, but there is more to relate.

The second contract was taken by an agent of the company, R. C. Edwards. Plaintiff's evidence was that Edward's authority was that of a traveling salesman, whose duty consisted in selling the service, taking contracts, subject to approval of the company, which contained the entire agreement of the parties, and transmitting the contracts to the company for approval. Contracts were accepted on the basis that there were no terms or arrangements other than those contained in the writings forwarded for approval. The second contract contained no reference to cancellation of the indebtedness due on the first contract. Defendant testified Edwards came to his office for the purpose of collecting the amount due on the first contract, and after negotiations, liability on the first contract was canceled as an inducement to and as part of the consideration for the second contract.

As indicated, plaintiff's evidence was that Edwards was a selling agent, and a selling agent has no authority to collect. Assuming, however, Edwards came to defendant as an agent to collect, such an agent has no apparent authority on which a debtor may rely, to cancel the debt, or compromise it, or discharge it by novation. There was no proof that plaintiff gave Edwards express authority to make the kind of arrangement which defendant claims he made, and without express authority, the agent could do nothing which would discharge the indebtedness arising under the first contract, except receive the full amount of money due. The result is, defendant's indebtedness under the first contract was not discharged.

The second contract was a new contract, entered into after default made in performance of the first contract. The goods shipped C. O. D. were not an installment of the first contract, and plaintiff's letter stated in unequivocal terms that new orders would be filled only C. O. D. for the amount previously due. Therefore, defendant was relieved, at his option, from performance of the second contract.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for plaintiff on the first cause of action stated in the petition.